IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM FELICIANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-1006-MJR |
| | ) | |
| **C/O ROSENBERG,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, currently an inmate at the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

Plaintiff alleges that while he was confined at the Vandalia Correctional Center he was "served spoiled food" on a daily basis. Plaintiff asserts that the meals consisted of "cabbage for breakfast and other meals that included . . . spoiled . . . sandwich meats, moldy bread, spoiled sausage foods, [and] fermented/spoiled drinks." Plaintiff claims that the Food Supervisor Hobert and Warden Meeks[1] were aware that inedible food was being served, but failed to take any corrective actions.

As a result of consuming these meals, Plaintiff states that he suffered "pain/cramps in the stomach, diarrhea, [and] vomitting [sic]." He asserts that he asked Defendant Rosenberg for permission to go to the Health Care Unit (HCU), but that "Rosenberg refused [him]. . . aid and

---

[1] In his complaint, Plaintiff initially identified these two defendants as "Food Supervisor Doe" and "Warden Doe." Plaintiff subsequently Form USM-285 for "Food Supervisor Hobert" and "Warden Meeks." Thus, it appears that Plaintiff has now identified these two "Doe" defendants. For clarity and consistency, the Court will refer to these defendants as "Food Supervisor Hobert" and "Warden Meeks" rather than as "Doe" Defendants. However, Plaintiff remains obligated to file an amended complaint replacing his allegations against these "Doe" defendants with one clearly identifying "Hobert" and "Meeks" as the identified parties.

retaliated with threats of punishment." Liberally construing the complaint, it appears that Plaintiff filed a grievance concerning the denial of medical care, but Defendants Doe (Health Care Administrator), Benton, and Meeks failed to take any corrective action.

Separate and apart from his allegations concerning being served food that was inedible and which made him ill, Plaintiff states that Defendant Doe (Health Care Administrator) continued to deny him "mental health treatment." Plaintiff states that he "sent many requests for such treatment," but that Defendant Doe (Health Care Administrator) still would not provide him treatment. Again, liberally construing the complaint, it appears that Plaintiff filed a grievance with Defendant Benton concerning the lack of "mental health treatment," but she refused to review Plaintiff's complaint as untimely.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **three** counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Food Supervisor Hobert and Warden Meeks for providing inedible food in violation of Plaintiff's Eighth Amendment rights.

**COUNT 2:** Against Defendants Rosenberg, Doe (Health Care Administrator), and Benton for failing to provide him adequate medical treatment for failing to provide him adequate medical care for the medical issues Plaintiff suffered as a result of eating inedible food in violation of Plaintiff's Eighth Amendment rights.

**COUNT 3:** Against Defendants Doe (Health Care Administrator) and Benton for failing to provide him "mental health treatment" in violation of Plaintiff's Eighth Amendment rights.

**DISCUSSION**

    **A. Count 1 (inedible food).**

To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the denial of the minimal civilized measure of life's necessities and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). In some circumstances, a prisoner's claim that he was denied edible food may satisfy the first element but, as the Seventh Circuit has held, the denial of edible food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ( it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, violate the Eigth Amendment); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."); *Robbins v. South*, 595 F.Supp. 785, 789 (D.Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and unusual punishment).

Plaintiff alleges that he was served inedible food on a "daily basis" while confined at

Vandalia Correctional Center. Although it is not entirely clear from the complaint or the attached exhibits, Plaintiff appears to have been confined at Vandalia Correctional Center for more than a few days. Accordingly, this Court is unable to dismiss Count 1 of the complaint at this time.

**B. Count 2 (medical care for stomach problems).**

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). In order to state a claim of cruel and unusual punishment under the Eighth Amendment based on inadequate medical care, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)). Again, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the denial of the minimal civilized measure of life's necessities and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)

Plaintiff alleges that he suffered medical problems (stomach cramps/pain, diarrhea, and vomiting) that, viewed objectively, are serious enough to satisfy the first prong of an Eighth Amendment claim. Plaintiff also alleges that the Defendants knew about his medical issues, but ignored his need for treatment. As such, the Court cannot dismiss Count 2 at this time.

### C. Count 3 (mental health care).

The Seventh Circuit has held that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville*, 266 F.3d at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition). But, mental health claims must still satisfy the same two-prong requirement as other Eighth Amendment claims.

In this case, Plaintiff has failed to allege facts suggesting that he suffers from any mental health problems, much less problems serious enough to require treatment. In short, Plaintiff's assertion that he needs "mental health treatment" is just that: a bald, conclusory assertion. As such, the Court need not accept it as a well pleaded fact sufficient to support Plaintiff's Eighth Amendment claim in Count 3. *Brooks,*, 578 F.3d at 581. Therefore, having failed to satisfy the first prong of an Eighth Amendment claim, Count 3 of the complaint should be dismissed for failing to state a claim, but without prejudice to Plaintiff amending his complaint to try to re-plead this Count in a manner indicating that he is entitled to relief.

### DISPOSITION

Count 3 of Plaintiff's complaint does not survive review under § 1915A. Accordingly, Count 3 of the complaint is **DISMISSED** without prejudice. Plaintiff is advised that the dismissal of Count 3 will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See O'Neal v. Pierce* 531 F.3d 1146, 1154-55 (9th Cir. 2008) (dismissal without prejudice may count as a "strike"); *Day v. Maynard*, 200 F.3d 655, 667 (10th Cir. 1999)(same); *see also Cage v. Lyons*, 248

F.3d 1157, 2007 WL 1770668 *2 (7th Cir. Nov. 22, 2000) (unpublished) (five complaints dismissed by the district court without prejudice for failing to state a claim counted as "strikes" for purposes of § 1915(g)).

Having now apparently identified "Food Supervisor Doe" as "Food Supervisor Hobert" and "Warden Doe" as "Warden Meeks," Plaintiff must file an amended complaint replacing his allegations against the identified "Doe" defendants with allegations against "Food Supervisor Hobert" and "Warden Meeks." Accordingly, **IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order, Plaintiff shall file a proper amended complaint (complying also with this Court's local rules) replacing his allegations against the identified "Doe" defendants (Hobert and Meeks).

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a proper amended complaint within the time specified, this his claims against the "Doe" defendants or his entire complaint may be dismissed with prejudice for failing to comply with this Court's order. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Rosenberg and Benton. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Rosenberg and Benton in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on

"Health Care Administrator Doe," "Food Supervisor Doe," or "Warden Doe,"s until such time as Plaintiff has identified them by name on both a USM-285 form **and** in a properly filed amended complaint. The Court reiterates that although Plaintiff has submitted USM-285 forms for "Food Supervisor Hobert" and "Warden Meeks," this is not sufficient to trigger service on these individuals. Plaintiff must still file a proper amended complaint with respect to them. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file

the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply

with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

    **IT IS SO ORDERED.**

    **DATED this 18th day of June, 2010.**

    <u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**